**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 12 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  JAY P. CLARK,<br><br>Debtor,<br>_____<br><br>JAY P. CLARK,<br><br>Appellant,<br><br>v.<br><br>JEREMY J. GUGINO, Chapter 7 Trustee,<br><br>Appellee. | No.    16-60026<br><br>BAP No. 15-1065<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Faris, and Jury, Bankruptcy Judges, Presiding

Submitted July 10, 2017[**]
Portland, Oregon

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:  WATFORD and OWENS, Circuit Judges, and CHHABRIA,*** District Judge.

**1.**  The bankruptcy court had jurisdiction to hear the Chapter 7 trustee's request for denial of a discharge under 11 U.S.C. § 727(a).  The bankruptcy court retained jurisdiction over all aspects of the case not involved in the appeals from the conversion and substantive consolidation orders.  *See* 28 U.S.C. § 158(d)(2)(D); *In re Sherman*, 491 F.3d 948, 967 (9th Cir. 2007).  Because the appeals did not directly involve the denial-of-discharge proceeding, the bankruptcy court retained jurisdiction to resolve the trustee's request for relief in that proceeding.

**2.**  The bankruptcy court properly denied Jay P. Clark a discharge under § 727(a).  The court may deny a discharge under § 727(a)(2)(B) if the debtor, "with intent to hinder, delay, or defraud a creditor," disposed of or concealed property of the estate.  The bankruptcy court did not clearly err in finding that Clark intended to hinder and defraud his creditors, given the nature and magnitude of the assets that he failed to report.  This is sufficient evidence to prove fraudulent intent.  *In re Retz*, 606 F.3d 1189, 1198–99 (9th Cir. 2010).  The court considered Clark's

---

\***        The Honorable Vince G. Chhabria, United States District Judge for the Northern District of California, sitting by designation.

explanations for his failure to report his assets and found them unpersuasive. The court did not clearly err in that regard either.

The bankruptcy court also properly denied Clark a discharge under § 727(a)(4)(A), which permits denial of a discharge if the debtor knowingly and fraudulently made a false oath in connection with the case. That provision applies if "(1) the debtor made a false oath in connection with the case; (2) the oath related to a material fact; (3) the oath was made knowingly; and (4) the oath was made fraudulently." *Id.* at 1197 (citation omitted). The bankruptcy court considered Clark's testimony regarding his intent, his reliance on counsel, and his omitted property, and found that testimony less credible than the evidence establishing that Clark made a false oath knowingly and fraudulently. There was no clear error in that determination.

Because the bankruptcy court properly denied Clark a discharge under 11 U.S.C. § 727(a)(2)(B) and (a)(4)(A), we need not address Clark's arguments under § 727(a)(3) and (a)(6)(A).

**AFFIRMED.**